BRETT L. TOLMAN, U.S. Attorney (#8821)
STEPHEN J. SORENSON, Assistant U.S. Attorney (#3049)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: Stephen.Sorenson@usdoj.gov
Associated Local Counsel

Mary Jo O'Neill   AZ #005924 (Pro Hac Vice)
Sally C. Shanley AZ# 012251 (Pro Hac Vice)
T. Diana Chen AZ # 021706 (Pro Hac Vice)
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5032
Email:  mary.oneill@eeoc.gov
         sally.shanley@eeoc.gov
         diana.chen@eeoc.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>SUPERVALU, INC., a Delaware corporation, doing business as Albertson's,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

### NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Cindy Janell Jones, who was adversely

affected by such practices during her employment by Supervalu, Inc., doing business as Albertson's. The Commission alleges that Ms. Jones was subjected to different terms and conditions of employment because of her race, Black, and that Ms. Jones was subjected to different terms and conditions of employment because of her opposition to unlawful employment practices. The Commission also alleges that the employment of Ms. Jones was terminated because of her race, Black, and/or because she opposed unlawful employment practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Supervalu, a Delaware corporation, has

continuously been doing business in the State of Utah, including the City of Salt Lake City, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Supervalu has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Cindy Janell Jones filed a charge with the Commission alleging violations of Title VII by Defendant Supervalu. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FIRST CLAIM: RACE DISCRIMINATION

7. Since at least 2002, Defendant Supervalu has engaged in unlawful employment practices at its Sandy, Utah facility in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a). These practices include:

   a. Subjecting Cindy Janell Jones to different terms and conditions of employment because of her race, Black; and/or

   b. Terminating the employment of Cindy Janell Jones because of her race, Black.

## SECOND CLAIM: RETALIATION

8. Since at least November 2003, Defendant Supervalu has engaged in unlawful retaliatory employment practices at its Utah facilities in violation of Section 704(a) of Title

VII, 42 U.S.C. §§2000e-3(a). These retaliatory employment practices include:

    a.    Altering the terms and conditions of the employment of Cindy Janell Jones because she expressed opposition to and made complaints about unlawful employment practices; and

    b.    Terminating the employment of Cindy Janell Jones because she expressed opposition to and made complaints about unlawful employment practices.

9. The effect of the practices complained of in paragraph 7 above has been to deprive Cindy Janell Jones of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race, Black.

10. The effect of the practices complained of in paragraph 8 above has been to deprive Cindy Janell Jones of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to unlawful employment practices.

11. The unlawful employment practices complained of in paragraphs 7 through 10 above were intentional.

12. The unlawful employment practices complained of in paragraphs 7 through 10 above were done with malice and/or with reckless indifference to the federally protected rights of Cindy Janell Jones.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant Supervalu, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

  B. Grant a permanent injunction enjoining Defendant Supervalu, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates or retaliates against any individual because of the individual's opposition to perceived unlawful employment practices and/or because the individual filed a charge, testified, assisted, or participated in an investigation or proceeding under Title VII.

  C. Order Defendant Supervalu to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of race and for those who oppose unlawful employment practices and/or file charges, testify, assist or participate in an investigation or proceeding under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

  D. Order Defendant Supervalu to make whole Cindy Janell Jones, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement.

  E. Order Defendant Supervalu to make whole Cindy Janell Jones, by providing compensation for past and future pecuniary losses resulting from the unlawful

employment practices described in paragraphs 7 through 10 above, in amounts to be determined at trial.

F. Order Defendant Supervalu to make whole Cindy Janell Jones, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 10 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant Supervalu to pay Cindy Janell Jones punitive damages for its malicious and reckless conduct described in paragraphs 7 through 10 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 30th day of September, 2008.

| | |
|---|---|
| Brett L. Tolman<br>United States Attorney<br><br>*/s/ Stephen J. Sorenson/*<br>Stephen J. Sorenson<br>Assistant U.S. Attorney<br><br><br>UNITED STATES ATTORNEY<br>185 S. State #400<br>Salt Lake City, Utah 84111<br><br>Associated Local Counsel for Plaintiff | Ronald Cooper<br>General Counsel<br><br>Gwendolyn Reams<br>Associate General Counsel<br><br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>1801 L Street, NW<br>Washington, D.C.  20507<br><br> s/ Mary Jo O'Neill<br>Mary Jo O'Neill<br>Regional Attorney<br><br><br> s/Sally C. Shanley<br>Sally C. Shanley<br>Supervisory Trial Attorney<br><br>s/ T. Diana Chen<br>T. Diana Chen<br>Trial Attorney<br><br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>Phoenix District Office<br>3300 N. Central Ave., Suite 690<br>Phoenix, Arizona  85012<br><br>Attorneys for Plaintiff |