**SO ORDERED**

_/s/ Ted Stewart_
TED STEWART
United States District Judge

Date 5/13/2010

FILED
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>NEW ALBERTSON'S, INC., doing business as Albertson's,<br><br>Defendant. | Case No. 2:08-cv-00749-TS<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission ("the Commission" or "EEOC") filed this action on March 30, 2007 against New Albertson's, Inc. ("Defendant" or "Albertson's") seeking damages and injunctive relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Amended Complaint, the Commission alleged that Defendant (1) engaged in unlawful race discrimination in violation of Section 703(a) of Title VII and the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(a) and (2) engaged in unlawful retaliation in violation of 704(a) of Title VII and the Civil Rights Act of 1991, 42 U.S.C. § 2000e-3(a). The Commission alleged that it was entitled to recover money damages on behalf of Cindy Jones, a former employee of Defendant.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of

law. The parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

Defendant has denied and continues to deny any and all liability to the EEOC or Cindy Jones in this matter. For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation. The parties acknowledge that the settlement of this lawsuit and entry of this Consent Decree do not constitute an adjudication on the merits of the action or an admission of any wrongdoing.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

It is hereby **ORDERED, ADJUDGED, and DECREED as follows:**

1. This Decree resolves all claims of the Commission and Cindy Jones against Defendant in this lawsuit, including, without limitation, all claims for back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs.

2. Defendant agrees to conduct its employment practices in a manner that does not discriminate against any employee on the basis of race and that it will not retaliate against any employee because s/he (1) opposed discriminatory conduct believed to be unlawful under Title VII, (2) reported conduct believed to be unlawful Title VII to managers of Defendant, (3) filed a charge or is assisting

or participating in the filing of a charge of race discrimination, including race discrimination, or (4) assisted or participated in an investigation or proceeding resulting from any of the preceding items.

3. Defendant will not condition the receipt of monetary relief on Cindy Jones' agreement to: (a) maintain as confidential the terms of this Decree or (b) waive her statutory right to file prospectively a charge with any federal or state anti-discrimination agency.

4. Defendant shall pay the total sum of Twenty Thousand Dollars ($20,000.00) in damages. This payment represents settlement of the Commission's back pay claim in the gross amount of One Thousand Dollars $1,000 and the Commission's claim for compensatory (emotional distress) damages in the amount of Nineteen Thousand Dollars ($19,000). Defendant shall issue one check payable to Cindy Jones in the amount of $1,000, less standard payroll deductions; Defendant shall issue a second check payable to the Trust Account of Cindy Jones's bankruptcy attorney in the amount of $19,000 for compensatory (emotional distress) damages and no deductions shall be taken from this amount. Pursuant to the Order of the United States Bankruptcy Court for the District of Utah, Defendant shall deliver both checks directly to bankruptcy counsel for Cindy Jones. The compensation provided for herein shall be paid within fifteen (15) calendar days of the approval by the Court of this Consent Decree. On or before January 31, 2011, Defendant shall issue a United States Internal Revenue Service Form W-2 to Ms. Jones for the back pay amount and a

Form 1099 for the compensatory (emotional distress) damages amount.

5. Within three (3) business days of issuance of the check referenced in Paragraph 4, Defendant shall furnish a copy of the check(s) and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

6. Within sixty (60) days of the entry of this Decree, Defendant shall expunge from the personnel files of Cindy Jones all references, if any, to the charge of discrimination filed against Defendant or participation in this action. Defendant shall further expunge from the personnel files of Cindy Jones any reference to internal complaints, warnings, or other disciplinary actions filed by or against her regarding any matter.

7. Within sixty (60) days, Defendant shall post for the duration of this Decree the notice attached as Exhibit A in a prominent place frequented by its employees at all of its Albertson's stores in the state of Utah. The notice shall be the same type, style, and size as Exhibit A.

8. Within sixty (60) days of the entry of the Consent Decree by the Court and, subsequently, between April 1st and July 31st of each year of the duration of this Decree, Defendant shall require all managers who work at stores it operates in State of Utah to attend two hours of training on unlawful employment discrimination, including race discrimination and retaliation. These trainings will include information on how to identify, report, and document race discrimination and retaliation observed or experienced by employees. Training will be conducted

by a member of Defendant's Labor and Employment Law Group and attendees will sign and date a Certification of Training Attendance.

9. Within seventy (70) days of the entry of the Consent Decree by the Court, Defendant shall provide a written certification of compliance with the file expungement, notice posting, and training requirements in Paragraphs 6-8, above to: Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

10. Cindy Jones may direct all prospective employers to contact The Work Number for all employment verification inquiries. The Work Number may be contacted at (800) 367-2884. In response to such inquiries, The Work Number will provide only Ms. Jones' dates of employment, salary, and job title. No other information will be provided by Defendant to Ms. Jones' prospective employers and Defendant will offer no explanation for why it will not provide additional employment information to prospective employers or any other entities that inquire about Cindy Jones.

11. The Commission shall discontinue this case and shall not initiate or continue any other legal action under any theory in law or in equity based upon the facts underlying the Amended Complaint in this case. Further, the Commission shall close its file on this matter.

12. Each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

13. The duration of this Decree shall be two (2) years from its entry.

This Court shall retain jurisdiction over this action for the duration of the decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendant has not complied with this Decree, appropriate relief may be ordered. This Decree shall expire by its own terms at the end of two (2) years from the date of entry, without further action by the parties.

APPROVED AS TO FORM AND CONTENT:

_____
Denise Blackwell, Esq.
Employment Counsel
New Albertson's, Inc.

_____
MARY JO O'NEILL
Regional Attorney
Phoenix District Office

Sally C. Shanley
Supervisory Trial Attorney

T. Diana Chen
Nancy Griffiths
Trial Attorneys

EEOC Phoenix District Office
3300 N. Central Avenue, Suite 690
Phoenix, AZ  85012

Attorneys for Plaintiff Equal
Employment Opportunity Commission

## EXHIBIT A

## NOTICE TO ALL EMPLOYEES OF ALBERTSON'S

It is unlawful under federal law, Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of race in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment. It is also unlawful to retaliate against any person because the person protested or reported any discriminatory practices to management or the EEOC.

Albertson's shall not discriminate against any employee on the basis of race, including race discrimination, and shall not retaliate against any employee for complaining about race discrimination.

If you believe you have been discriminated against, you have the right to seek assistance from:

>**EEOC**, 3300 North Central Avenue, Suite 690
>Phoenix, Arizona 85012
>Telephone: (602) 640-5000
>TTY: (602) 640-5072
>Website (national): www.eeoc.gov

You have the right to file a charge with the EEOC if you believe you are being discriminated against or retaliated against for reporting discrimination.

It is against the law for any action to be taken against you by any supervisory or management official of Albertson's for: (1) opposing race discrimination or other discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC.